David E. Ross II (2803)
Attorney for Plaintiff
1912 Sidewinder Dr. # 209
Park City, UT 84060
T 435-602-9869
F 435-615-7225

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COLT TECHNOLOGIES, LLC, a Utah limited liability company, : | |
| : | **COMPLAINT** |
| Plaintiff, | |
| : | |
| vs. | Case No. |
| : | |
| TEKVET TECHNOLOGIES CO., a Nevada corporation and DAVID ROBBINS, an individual, | Judge: |
| : | |
| Defendants. : | |

Plaintiff, by and through counsel, hereby complains as follows:

NATURE OF THE COMPLAINT

Plaintiff, a Utah limited liability company, and several individuals, all Utah residents, (who have assigned their rights to Plaintiff) sold their interest and rights in 2006 to certain technology under a written contract to Defendant David Robbins dba TekVet Acquisition Co., an alleged Florida corporation, or its affiliated assignees, for $1.5 million dollars.  David Robbins, a Florida resident was doing business as TekVet Acquisition Co. at the time of entering into the subject contract.  Mr. Robbins in 2007

formed TekVet Technologies Co., a Nevada corporation and it according to a suit filed in this Court claims rights to the subject technology pursuant to the subject contract. See *TekVet Technologies Co. v. Randy Conklin*, Case No. 2:08cv00018, United States District Court for the District of Utah.   The nature of this complaint is that Mr. Robbins dba TekVet Acquisitions Co. and his assignee, TekVet Technologies Co. breached the contract by only paying $322,971.61 of an agreed to $1,500,000.00 purchase price. Plaintiff fully performed and delivered the purchased assets to Robbins in 2006.  This is a contract dispute involving more than $75,000.00 between citizens of different states.

## PARTIES, JURISDICTION AND VENUE

1. Colt Technologies, LLC ("Colt) is a Utah limited liability company doing business in Utah and presently winding up its affairs.

2. TekVet Technologies Co. (TekVet") is a Nevada corporation headquartered in Florida.

3. David Robbins, an individual, is a resident of the state of Florida.

4. The transaction complained of was entered into by the parties and Defendant TekVet's assignor in Salt Lake County, state of Utah and the amount in controversy is in excess of $75,000.00.

5. This Court has jurisdiction pursuant to 28 *U.S.C.* §1332(a)(1).

6. Venue is proper in this Court pursuant to 28 *U.S.C.* §1391(a)(2) & (b)(2).

## PLAINTIFF'S CLAIM FOR RELIEF

7. Colt hereby incorporates its foregoing answers numbered 1 – 6 above.

8. Colt, Colt Investment Group, LLC, WeTried, LLC, Tali Haleua, (collectively "Colt") Bret Smith, Darin Smith, Randy Conklin, Richard Keene and Michael Crouch

entered into an agreement on November 1, 2006, entitled Asset Purchase Agreement ("Agreement") wherein David Robbins dba TekVet Acquisition Co. agreed to pay Colt and $1,500,000 for the rights to certain assets belonging to Colt.   See attached Exhibit A.

9. Colt Investment Group, LLC and WeTried, LLC are Colt businesses and Tali Haleua, D. Bret Smith, Darin Smith, Randy Conklin and Richard Keene, all Utah residents (hereinafter referred to as the "Individual Sellers"), have assigned their interest and rights herein to Colt.

10. In order to induce all of the Individual Sellers and their representatives to enter into the Agreement with TekVet Acquisition Co., David Robbins offered each an interest in TekVet Acquisition Co., including significant shares in TekVet Acquisition Co. and royalty interests.

11. David Robbins falsely induced the Individual Sellers with these promises as set forth in the preceding paragraph knowing that TekVet Acquisition Co. did not exist.

12. That the Individual Sellers were in fact induced into signing the Agreement with the promises of sharing in the profits generated by TekVet.

13. The Asset Purchase Agreement at Section 11.1, page 15, called for payment of the Purchase Price by TekVet Acquisition Co. to Colt, the Purchase Price being defined at Section 2.1 at pages 2-3, as $1,500,000, with $250,000 going to escrow to be paid directly to holders of liens, judgments, or claims against Colt and $500,000 in escrow for the purpose of paying Federal and state tax liens against Tali Haleua, one of the Individual Sellers.

14. The Purchase Price was to be paid at Closing in exchange for the Purchased

Assets and non-compete agreements and between November 30 and December 8, 2006 the Individual Sellers provided TekVet Acquisition Co. with non-compete agreements and a bill of sale for the Purchased Assets, yet no monies were remitted by TekVet Acquisition Co. or David Robbins.

15. TekVet Acquisition Co. paid Colt $322,917.61 in February 2007, leaving a balance of $1,177,082.39 under the Agreement.

16. Colt and the Individual Sellers to the Asset Purchase Agreement did not sign any amendment or variation to the Agreement as required by §14.3, pg 17 Exhibit A, nor did they agree to a reduction in the Purchase Price.

17. The Agreement called for Colt and others to transfer these assets to TekVet Acquisition Co. and to enter into non-compete agreements with TekVet Acquisition Co., for which Colt fully performed and as stated in paragraph 11 above the Individual Sellers did so by executing non-compete agreements and a Bill of Sale to and delivering Purchased Assets to TekVet Acquisition Co. on November 30 through December 8, 2006.

18. That at Closing in December 2006 not only did TekVet Acquisition Co. fail to pay pursuant to the Agreement, it did not deliver a copy of its resolution adopted by its Board of Directors, certified by the Secretary, authorizing and approving the Asset Purchase Agreement, as required by the Agreement.

19. That TekVet held itself out and represented that it was a Florida Corporation while entering into the November 1, 2006 Asset Purchase Agreement and upon information and belief, it was not a Florida corporation at the time of the Agreement.

20. That without the consideration being paid for the rights to the intellectual

property owned by Colt and others, David Robbins in June 2007 formed a Nevada corporation and transferred the assets into his corporation, TekVet Technologies Co., the Co-Defendant in this action.

21. Colt and the other Individual Sellers to the Asset Purchase Agreement fully and substantially performed under the Asset Purchase Agreement by delivering all of the Purchased Assets to TekVet Acquisition Co. on or before December 8, 2006 and by providing it with the non-compete agreements before this date, as well as completing other related items set forth in the Agreement.

22. That TekVet Acquisition Co. had two things to perform to complete the Asset Purchase Agreement, payment and delivery of its corporate resolution and it failed to do either of these conditions under the Asset Purchase Agreement.

23. That the failure to remit the full Purchase Price under the Agreement has denied Plaintiff the benefit of the balance owing under the Agreement of $1,177,082.39 and is a material and substantial breach of the Agreement.

24. That as a result of this material and substantial breach of the Asset Purchase Agreement by Defendants, Plaintiff has been injured to the extent of at least $1,177,082.39.

25. That Plaintiff has further been damaged by having to prosecute this suit and for its costs incurred herein and forebearance suffered as a result of the non-timely payment of the monies owed under the Agreement.

**WHEREFORE,** Plaintiff hereby requests this Court to:

1. Enforce the terms and conditions of the Asset Purchase Agreement by awarding Plaintiff a Judgment in the principal amount of $1,177,082.39 against the Defendants jointly and severally;

2. To enforce the supplemental agreements that Defendant David Robbins provided in order to induce Plaintiff and others to enter into the Asset Purchase Agreement;

3. Awarding Plaintiff Judgment for statutory accrued interest hereunder against the Defendants jointly and severally;

4. By awarding Plaintiff Judgment for his attorney fees, costs and expenses incurred herein in prosecuting this action pursuant to ¶14.9 of the Asset Purchase Agreement against the Defendants jointly and severally;

5. By awarding Plaintiff Judgment for any and all reasonable attorney fees, costs and expenses necessary to collect the amount owing from the Defendants jointly and severally; and,

6. For such further relief as this Court deems appropriate.

**DATED** this 9th day of June, 2008.

                                                        /S/ David E. Ross II
                                                        David E. Ross II
                                                        Attorney for Defendant

Plaintiff Address:
Colt Technologies, LLC
c/o David E. Ross II
1912 Sidewinder Dr. #209
Park City, UT 84060