IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLT TECHNOLOGIES, L.L.C.,<br><br>Plaintiff,<br><br>vs.<br><br>TEKVET TECHNOLOGIES CO., and DAVID ROBBINS,<br><br>Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:08 CV 449 (TC) |
| TEKVET TECHNOLOGIES CO., and DAVID ROBBINS,<br><br>Counterclaimants,<br><br>vs.<br><br>COLT TECHNOLOGIES, L.L.C., TALI HALEUA, and DARIN SMITH,<br><br>Counterdefendants. | |

In this contract dispute, Plaintiff Colt Technologies (Colt Tech) argued that Defendants TekVet Technologies (TekVet) and David Robbins failed to pay the full purchase price for intellectual property and other assets. The court disagreed and granted summary judgment in favor of TekVet. Months later, Colt Tech now asks this court for leave to submit an amended complaint, which would, among other things, change some of Colt Tech's theories of the case.

Based on the nature of the proposed amendments and the state of the proceedings, TekVet's motion is DENIED.

## BACKGROUND

The court granted summary judgment in favor of TekVet on Colt Tech's claim for breach of contract in April 2009.[1]  (Docket No. 51.)  At that time, as the court recognized in its order, the parties did not dispute the following material facts:  Tekvet Acquisition Company had entered into an Asset Purchase Agreement with Colt Tech, Colt Investment Group LLC, and WeTried LLC (collectively "Sellers") and several equity holders.  The Asset Purchase Agreement provided that Tekvet Acquisition Company would pay the Sellers $1.5 million for the purchase of intellectual property and other associated assets.  It also provided that Tekvet Acquisition Company would provide the Sellers with an ownership interest.

The parties entered into a First Amendment and a Second Amendment to the Asset Purchase Agreement.  Each recognized the validity and binding nature of the original agreement, but it was Section 2.1 of the Second Amendment that was central to the dispute between the parties.  Section 2.1 provided that the $1.5 million purchase price was "to be paid as follows:" Teket would pay $322,917.61 to Colt Tech at closing and up to the balance after closing in specified increments.  Each increment included a specific condition.  In opposing TekVet's motion for summary judgment, Colt Tech did not dispute that these conditions were never fully satisfied, but argued instead that these were not conditions precedent to the payment of the full $1.5 million purchase price.  The court disagreed.

Looking to the clear and unambiguous language of the Second Amendment, the court

---

[1]The facts presented in this section have no bearing on the court's prior summary judgment order.  (Docket No. 51.)

concluded that although Tekvet Acquisition Company had agreed to pay $1.5 million, the purchase price was divided into three parts.  And only $322,917.61 of the $1.5 million purchase price was to be paid with no other conditions attached.  The other two parts were to paid based on the satisfaction of specific unambiguous conditions precedent.  Because Colt Tech admitted that the conditions were never satisfied in full, the court concluded that TekVet had not breached the Asset Purchase Agreement when it failed to pay TekVet the full $1.5 million.  Because the Complaint only addressed the monetary loss allegedly incurred by Colt Tech, the court did not address the ownership interest allegedly owed to the Sellers.

Now, months later, Colt Tech asks the court for leave to file an amended complaint.  Colt Tech does not summarize the specific amendments it would make, but generally explains that it is asserting new factual allegations that were "inadvertently omitted from the original Complaint."  (Pl.'s Mot. Am. Compl., 2, Docket No. 52.)  TekVet disagrees and in opposing the motion argues that the proposed amended complaint ignores the prior ruling of the court, contradicts Colt Tech's prior positions, and is untimely.  TekVet further argues that it would be unduly prejudiced if the court were to allow an amended complaint at this stage.

## ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure gives a court discretion to allow a party leave to amend its pleadings, even after a responsive pleading has been served, "when justice so requires."  Fed. R. Civ. P. 15(a).  But a court can refuse to allow a party leave to amend based on "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006).  In deciding whether to allow a party leave to amend,

especially in cases like this one, the court is mindful that the pleading rules "do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case." Green Country Food Mkt., Inc. v. Bottling Group LLC, 371 F.3d 1275, 1279 (10th Cir. 2004). If tolerated, such a practice would "'waste the parties resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.'" Id. (quoting Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991)).

      Colt Tech filed its Complaint in June 2008. Both Colt Tech and TekVet submitted motions for summary judgment in December 2008. As previously explained, in its motion for summary judgment, Colt Tech argued that it was owed the full $1.5 million purchase price and an ownership interest in TekVet. In response to TekVet's motion, Colt Tech argued that even though the enumerated conditions were admittedly unsatisfied, the court should not consider those as conditions precedent to payment. The court held a hearing in February 2009. It disagreed with Colt Tech's theory and concluded in a memorandum decision, which was issued in April 2009, that TekVet had not breached the Asset Purchase Agreement.

      Even though amended pleadings were due in this case by January 5, 2009, Colt Tech now seeks leave to file an amended complaint, months after the court decided the case by granting summary judgment in TekVet's favor. And although Colt Tech fails to summarize the nature of the amended complaint, the company appears to assert a theory that it performed some of the conditions precedent for payment, a contradiction of the earlier theory Colt Tech assumed in opposing summary judgment. Moreover, it does not appear as if the allegedly omitted facts presented in the amended complaint would compel the court to arrive at a contrary conclusion regarding the unambiguous plain language of the Asset Purchase Agreement.

The Tenth Circuit considered a similar situation in <u>Viernow v. Euripides Development Corp.</u>, 157 F.3d 785 (10th Cir. 1998), when it concluded that the district court had not abused its discretion when it effectively refused the plaintiff leave to amend his complaint after summary judgment had already been granted in defendant's favor.

The facts of <u>Viernow</u> are as follows: The plaintiff initially filed suit in Texas state court. The case was removed to federal court and subsequently transferred to the District of Utah. Shortly after the case was transferred, the defendants filed a motion for summary judgment, which the court orally granted at the end of a hearing on August 12, 1996. Before the court could enter judgment, the plaintiff filed a motion to amend the complaint on August 23, 1996, nineteen months after filing the initial complaint. Although the district court entered formal judgment in favor of the defendant on September 9, 1996, effectively dismissing the entire case, it never specifically ruled on the motion to amend.

In affirming the district court's effective denial of the motion to amend, the Tenth Circuit explained that it did

> not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings. . . . [T]he case was essentially over once the trial judge orally stated at the motion hearing that he was granting summary judgment in favor of defendants–all that was required in order to formally close the case was the entry of judgment.

<u>Id.</u> at 800.

The court recognizes that "[l]iberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation." <u>Pallottino v. City of Rio Rancho</u>, 31 F.3d 1023, 1027 (10th Cir. 1994). Particularly relevant here is the consideration that "[m]uch of the value of summary judgment procedure . . . would be dissipated if a party were

5

free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory." Id. Considering the status of the proceedings and the nature of the proposed amended complaint, the court declines Colt Tech's invitation to allow it leave to amend.

## CONCLUSION

For the reasons set forth, TekVet's motion for leave to amend is DENIED. (Docket No. 52.)

DATED this 31st day of July 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge