IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLT TECHNOLOGIES, L.L.C.,<br><br>    Plaintiff,<br><br><br>    vs.<br><br><br>TEKVET TECHNOLOGIES CO., and<br>DAVID ROBBINS,<br><br>    Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:08 CV 449 (TC) |
| TEKVET TECHNOLOGIES CO., and<br>DAVID ROBBINS,<br><br>    Counterclaimants,<br><br><br>    vs.<br><br><br>COLT TECHNOLOGIES, L.L.C., TALI<br>HALEUA, and DARIN SMITH,<br><br>    Counterdefendants. | |

In this breach of contract case, Plaintiff Colt Technologies (Colt Tech) asks the court to

reconsider its order denying Colt Tech leave to amend its complaint.  The motion to reconsider

comes nearly three months after the court denied leave to amend and six months after the court

granted summary judgment in favor of Defendants TekVet Technologies (TekVet) and David

Robbins.  Because Colt Tech's motion to reconsider is untimely and ignores the reasoning

behind the court's initial order denying leave to amend, the motion to reconsider is denied.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party must file any motion to alter or amend judgment "no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). Colt Tech waited to file this motion until October 12, 2009, far exceeding the allowable ten day period considering that the court denied leave to amend on July 31, 2009.

Furthermore, Colt Tech's motion to reconsider ignores the court's primary concerns in denying leave to amend. Colt Tech sought leave to amend months after the court had entered summary judgment in favor of TekVet, months after the deadline for amending pleadings had passed, and nearly a year after Colt Tech had filed its initial Complaint. Most significantly, at this late stage, the proposed amendment would have changed Colt Tech's theories of the case. See Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir 2006) (noting that a plaintiff may not use Rule 15 "to make the complaint a moving target . . . to salvage a lost case by untimely suggestion of new theories of recovery" (citations and quotations omitted)). In such circumstances, denying leave to amend is permissible. See, e.g., U.S. ex. rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (affirming denial of leave to amend when the motion was made after a long discovery period had ended and after defendant had filed a motion for summary judgment, the proposed amendment would have required the reopening of discovery, and the defendant would have been prejudiced by the lost expense of preparing for summary judgment); Trujillo v. Bd. of Educ., No. 07-2210, 2008 WL 3992284 (10th Cir. August 29, 2008) (affirming denial of leave to amend when the case had been pending for five years, the case was scheduled to go to trial in two months, and the new facts in the proposed amended complaint attempted to skirt prior summary judgment rulings).

For the reasons set forth, Colt Tech's motion to reconsider is denied.  (Docket Nos. 68, 70.)

SO ORDERED.  DATED this 14th day of October 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge